**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**STEPHEN BORSI**                                                    **PLAINTIFF**

**VS.**                                    **CIVIL ACTION NO.:** 3:20-cv-181-CWR-FKB

**BONDS & ASSOCIATES, INC.**                                        **DEFENDANT**

**COMPLAINT**
**JURY TRIAL DEMANDED**

**COME NOW** the Plaintiff, Stephen Borsi, by and through this counsel, Watson &
Norris, PLLC, and file this action against the Defendant, Bonds & Associates, Inc., for
violation of the Fair Labor Standards Act (FLSA), and breach of contract. In support of
this cause, the Plaintiff would show unto the Court the following facts to-wit:

**PARTIES**

1.      Plaintiff, Stephen Borsi, is a male citizen of Fort Lauderdale, Florida.

2.      Defendant, Bonds & Associates, Inc., is a Mississippi Corporation that may
be served with process through its registered agent: Susan G. Pinkston, 357 Town Center
Boulevard, Suite 203, Ridgeland, Mississippi 39157. Defendant is a covered entity that
is subject to the provisions of the FLSA.

**JURISDICTION AND VENUE**

3.      This Court has federal question jurisdiction.

4.      This Court has personal and subject matter jurisdiction over the
Defendant and venue is proper in this Court.

**STATEMENT OF THE FACTS**

5.      Plaintiff is a 33-year old male resident of Fort Lauderdale, Florida.

1

6.     Plaintiff was hired on June 22, 2018 as a Crane Operator at Bonds & Associates, Inc.

7.     During the entire time Plaintiff worked for the Defendant, he kept track of his times each day, in and out.

8.     Frequently, however, the Defendant did not correctly pay him for the correct number of hours that he worked.

9.     Also, there were times that the Defendant did not provide Plaintiff with paystubs to show the breakdown of the hours he worked and was paid.

10.    When he was hired by the Defendant, Plaintiff was guaranteed $35.00 an hour and $100.00 a day diem that he would always be paid for at least an 8-hour shift, i.e., no shifts less than 8 hours, and he would be paid for at least 40 hours per week, i.e., even if he worked less than 40 hours he would be paid for a 40 hour week.

11.    During much of the time Plaintiff worked for the Defendant, Plaintiff complained about the inaccuracy of his paychecks.  Plaintiff was regularly told they would correct it, yet they never did.

12.    Based on Plaintiff's records, Plaintiff calculated that he was shorted 36.5 hours for times that he worked at least 40 hours and was paid for less than that.

13.    Plaintiff calculated that he was shorted 186.5 hours of overtime, i.e., when he worked over 40 hours and was paid for over 40 hours but short of the number of hours he actually worked.

14.    In addition, there are 28 check stubs that Plaintiff did not receive, so in regard to those, Plaintiff is unable to calculate any potential discrepancy between his own record of the hours he worked versus the hours for which he was actually paid.

## COUNT I:  VIOLATION OF THE FAIR LABOR STANDARDS ACT – MINIMUM WAGE VIOLATION AND OVERTIME VIOLATION

15.     Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 14 above as if fully incorporated herein.

16.     Plaintiff is a non-exempt employee and subject to the provisions of the Fair Labor Standards Act as it pertains to whether or not Plaintiff is entitled to minimum wage and overtime pay for all hours over forty (40) hours worked in a given week.

17.     Under the Fair Labor Standards Act the minimum wage for covered non-exempt workers is not less than $7.25 per hour effective July 24, 2009.

18.     The Fair Labor Standards Act requires that employees be paid an overtime premium at a rate not less than one and one-half (1 ½) times the regular rate at which they are employed for all hours in excess of forty (40) hours in a work week. 29 U.S.C. § 207(a).

19.     Plaintiff was not properly paid minimum wage or overtime compensation under the Fair Labor Standards Act at a rate of 1 ½ his regular rate of pay.

20.     The acts of the Defendant constitute a willful intentional violation of the Fair Labor Standards Act.

## COUNT II:  BREACH OF CONTRACT

21.     Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 20 above as if fully incorporated herein.

22.     Defendant, acting by and through its agents and employees, did knowingly, willfully, and intentionally breach the promises and assurances contained in the guarantee referred to in Paragraph 10 above that Defendant promised Plaintiff upon

3

hiring.  Specifically, Defendant failed to pay Plaintiff all sums due under the terms of the guarantee that Defendant promised Plaintiff upon hiring.

23.     As direct and proximate result of Defendant's breach, Plaintiff suffered and continues to suffer lost earnings and benefits, emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, and inconvenience.

## PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED**, Plaintiffs respectfully pray that upon hearing of this matter by a jury, the Plaintiffs be granted the following relief in an amount to be determined by the jury:

1. Unpaid minimum wages;
2. Unpaid overtime pay;
3. Liquidated damages;
4. Tax gross-up and all make-whole relief;
5. Compensatory damages;
6. Punitive damages;
7. Attorney's fees;
8. Costs and expenses; and
9. Any other relief to which he may be properly entitled.

THIS, the **18th** day of March 2020.

Respectfully submitted,

STEPHEN BORSI, PLAINTIFF

By:_____
Louis H. Watson, Jr.  (MB# 9053)
Nick Norris (MB#101574)
Attorneys for Plaintiff

4

OF COUNSEL:

WATSON & NORRIS, PLLC
1880 Lakeland Drive, Suite G
Jackson, Mississippi 39216-4972
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com
        nick@watsonnorris.com